Terlesky, Plaintiff-Appellee, *v.* Miller, Extrx., et, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 4264. Decided January 15, 1963.

*Mr. Marvin Traxler*, for plaintiff-appellee.
*Messrs. Haynes & Sontich*, for defendant-appellant.

(Brown, J., of the Fourth District, sitting by assignment in the Seventh District.)

Donahue, J. Plaintiff was a Lieutenant of Police in Youngstown.

On the evening when the injury involved occurred, he stopped at defendant's place of business. Testimony as to his purpose is in some conflict. There is some contention that he was to meet a subordinate there by prearrangement. There is also evidence that he just happened to be passing and saw a police cruiser parked, and stopped to check.

In any event, he found that the officer had entered the building and he proceeded to enter the back way in search of the officer. There is some question as to whether there was much light at the rear entrance, which was not a public entrance. The rear screen opened out and the door in. Plaintiff opened the doors and stepped inside. He unexpectedly stepped through an open trap door which covered steps leading to the cellar, and was injured. The trap door had, it would appear from the evidence, been opened by the owner.

Errors alleged by defendant-appellant, following a jury verdict for plaintiff, are based on two questions.

One was the court's instruction to the jury that plaintiff was an invitee and was owed the duty owed to such a person. Defendant cites many cases tending to support his theory that plaintiff was a mere licensee. It is plaintiff's theory that even though plaintiff was a mere licensee, he still was to be protected from a known and hidden danger, and that, therefore, even though the court's instructions were in error, no prejudicial result ensued.

We cannot agree. Aside from the cases cited, plaintiff was obviously a mere licensee. He had no invitation, express or implied. He was entering a private, rear entrance on some private business not connected in any way with the place of business. And the designation by the court as an invitee was definitely prejudicial and alone and of itself would call for a new trial.

However, a matter of even graver import is discussed in the second phase of defendant's allegations of error. Defendant indicates he is relying to a large extent on the "step in the dark" cases. These are mostly elevator cases. Plaintiff states these do not apply, since this entrance way was not "dark," but light enough to see. Plaintiff in avoiding the pitfalls of his chalk-line reasoning, contends that the opening door concealed the trap door and that this was the actual cause of the fall.

It seems clear to us, under either "dark" or "light" theory that plaintiff did open the door, and deliberately stepped into an unknown passage and thereby was guilty of negligence as a matter of law, directly contributing to his injury. The slightest exercise of care for his own safety would have prevented the accident.

The manner in which plaintiff entered rendered it immaterial whether there was any light or not. Had the noonday sun shone on the trap door, plaintiff would not have seen it.

The court should have directed a verdict.

Coming now to do that which the trial court should have done, the judgment is reversed and final judgment is entered for defendant.

P. W. BROWN, P. J., and W. B. BROWN, J., concur.